[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE APPLICATION TO VACATE AWARD
On August 30, 1999, the plaintiff union filed this application seeking an order vacating the award in an arbitration proceeding between these parties.
 Facts
The parties entered into a Collective Bargaining Agreement covering the period July 1, 1995 to June 30, 1998 which includes a grievance procedure. In accordance with this procedure plaintiff submitted an unresolved grievance on behalf of Sergeant Alan Roy (Roy) to the State Board of Mediation and Arbitration. The issue submitted was:
 Did the Town violate the Collective Bargaining Agreement between the Town and the Union by issuing Sergeant Roy the written reprimand dated May 20, 1998?
If so, what shall be the remedy?
The award is as follows:
 Grievance is denied. The Town did not violate the Collective Bargaining Agreement when it issued Sergeant Roy a written reprimand dated May 20, 1998.
In the opinion part of the panel's "Arbitration Award" it CT Page 14159 noted that it was the union's position that the "reprimand received by the Grievant was not supported by just cause." It also noted that the town claimed that, "It had just cause for the reprimand." As the plaintiff says in its brief the panel would have to find just cause for its ruling. Obviously it did because it considered the question. Even the dissenting opinion attached to the award does not refer to any lack of just cause.
 Law
Plaintiff claims this to have been a restricted submission. It was not.
Plaintiff claims that the award violates public policy. That claim is based on an exception to the general rule that an application to vacate an award is limited to a comparison of the award to the submission. Watertown Police Union Local 541 v.Watertown, 210 Conn. 333, 339. The challenger must show that the award clearly is in violation of an established public policy. Id. 340. It is not.
Application denied.
N, O'Neill, J.